## CLIFFORD VS. BAESSMAN.

EVIDENCE. *When writings in evidence may be explained by parol.*

1. A writing which does not itself vest or pass or extinguish any right, but is only used as evidence of a *fact*, may be explained by parol evidence.
2. Thus, where the terms of a parol contract between the parties were in dispute, and letters of the appellant, written some weeks after the making of such contract, were put in evidence by the respondent, and were expressed in terms from which the jury might and probably did draw inferences favorable to the respondent's view of the contract, it was error to reject parol evidence offered by the appellant to explain them.

APPEAL from the Circuit Court for *Outagamie* County.

Action to recover the price of logs alleged to have been sold by the plaintiff to the defendant. It appears that the logs were in a slough of Rib river, at the time of the alleged sale, and there was not then sufficient water in the river to float them out. The defendant owned and operated a saw mill and boom on Rib river, below the slough in which the logs were.

The complaint alleges, and the testimony of the plaintiff tends to prove, that the sale was upon the sole condition that the defendant should be able to get the logs out of the slough. It is also alleged in the complaint, and was proved on the trial, that the defendant did get the logs out of the slough and into his boom. It also appears that very soon thereafter, the boom was carried away by a freshet, and the logs, or most of them, were lost.

The answer contains a general denial, and also a counter-claim for work done by the defendant for the plaintiff in getting the logs out of the slough and into the boom.

The testimony of the defendant tends to show that he did not purchase the logs, but was employed by the plaintiff to get them out of the slough and run them down to the defendant's boom when the stage of water in the river would allow it to be done.

On the trial, two letters written by plaintiff to defendant concerning the same logs were read in evidence on behalf of the defendant. The first of these bears date two or three weeks after the alleged sale. The letters are as follows:

"STEVENS POINT, *April 27, 1870.*

"JOHN BAESSMAN, ESQ. — *Dear Sir:* I hope, if the water raises, you will run those logs that I left after me above your place, down to your boom. We had awful hard rain here, and I hope that Rib is up so you can run them. Now, if so, do it at the first time the water raises, and save them in your boom for me, and let me know when you do so.

"I left your letter for the party you told me to, in the post office. When you write to me, direct to

"W. J. CLIFFORD, Stevens Point, Wis."

"STEVENS POINT, WIS., *May 25, 1870.*

"JOHN BAESSMAN, ESQ. — *Dear Sir:* Your letter of the 25th inst. is received. I am glad you got out some of the logs. It is raining here all day, and I hope, before this reaches you, you will have every log in that boom. Be sure and run every log into your boom, and let me know when they will be run. I am thankful for your kindness, and remain truly your friend,

"W. J. CLIFFORD."

The plaintiff offered testimony to explain what he meant by the language employed in the letters; but the court sustained an objection to the testimony, and ruled that parol evidence was inadmissible to explain or vary the meaning of the letters.

The jury found for the defendant, and assessed his damages at the full amount of his counterclaim, with interest. A motion for a new trial was denied, and judgment was entered for

the defendant pursuant to the verdict.   The plaintiff appealed from the judgment.

*Gerrit T. Thorn*, for the appellant, argued that the letters of plaintiff, put in evidence by defendant, were not a contract, nor parts of a contract, but were read merely as evidence of admissions by the plaintiff unfavorable to his claim as to the character of the contract previously entered into; and that they were therefore susceptible of explanation by parol evidence.   Starkie on Ev., 645; *Noble v. Epperly*, 6 Ind., 468; *M'Crea v. Purmort*, 16 Wend., 473; *Reay v. Richardson*, 2 Cromp., M. & R., 427; *Roe v. Day*, 7 C. & P., 705; *Bank v. Kennedy*, 17 Wall., 19.   In order to be an *estoppel* or a part of the *res gestæ*, the letters must have been written at the time of the contract, so as to characterize the transaction; that is, the making of the contract and the writing of the letters must have constituted one transaction.   Hosmer, C. J., in *Enos v. Tuttle*, 3 Conn., 250; *Russell v. Frisbie*, 19 id., 205; *Carter v. Buchannon*, 3 Kelley, 513; *Lamon v. French*, 25 Wis., 37; *Rockwell v. Ins. Co.*, 21 id., 548.

*W. C. Silverthorn*, for the respondent, argued, 1. That the letters in question were a part of the agreement between the parties; that from them, as well as from all other communications between the parties relative to the subject matter of the controversy, the jury were to determine what the transaction really was; that they were properly admissible as a part of the *res gestæ;* that the question was, not what secret meaning the writer may have had in his own mind, but what the words fairly import, and what the defendant had a right to understand from them; that it was for the jury to give to the words their ordinary and fair meaning; and that testimony on the part of the plaintiff to vary that meaning was inadmissible.   *Eastman v. Bennett*, 6 Wis., 232; *Rockwell v. Ins. Co.*, 27 id., 372.   2. That a judgment will not be reversed for the rejection of evidence, without some statement in the bill of exceptions showing what the rejected evidence tended to

prove. *Packet Co. v. Clough*, 20 Wall., 528; *Beard v. De-dolph*, 29 Wis., 136.

LYON, J. The only question in the case which we find it necessary to consider is, whether the court ruled correctly in refusing to allow the plaintiff to explain by parol testimony his letters to the defendant.

The rule of law applicable to the question is thus stated by COWEN, J., in *M'Crea v. Purmort*, 16 Wend., 460: "Wherever a right is vested or created, or extinguished, by contract or otherwise, and writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal and common sense construction of the instrument; but any writing which, neither by contract, the operation of law nor otherwise, vests or passes or extinguishes any right, but is only used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts. Thus, a will, a deed or a covenant in writing, so far as they transfer or are intended to be the evidences of rights, cannot be contradicted or opposed in their legal construction by facts *aliunde*. But receipts and other writings which only acknowledge the existence of a simple fact, such as the payment of money for example, may be susceptible of explanation and liable to contradiction by witnesses."

The other cases cited by the learned counsel for the plaintiff are to the same effect; and we think the rule is correctly stated in the above extract from the opinion in *M'Crea v. Purmort*.

The inquiry in this case is, What were the terms of the contract between the parties? Was it a contract of sale on condition that the logs could be got out of the slough, or merely a contract to get them out of the slough when the water would permit? The contract, whatever it was, is not contained in the letters, for they were written some weeks

Clifford vs. Baessman.

after the ageement was entered into. The letters are therefore no part of the *res gestœ*. They do not vest, pass or extinguish any right, but were introduced in evidence as tending to prove collaterally the fact that the contract was one for service only, and not for a purchase and sale of the logs. Hence, it seems clear that, under the rule above stated, the explanatory testimony should have been received.

Unexplained, the jury might have inferred from the letters that the plaintiff, when he wrote them, regarded the logs as his absolute property; for the directions which he gave therein concerning the logs, and the manner in which he speaks of them, are quite consistent with that inference. And yet, had the rejected testimony been received, he might have been able to satisfy the jury that such inference was not the correct one, and that the letters should not be taken as admissions that he had not sold the logs to the defendant, but that they were written upon the theory that when the logs reached the defendant's boom, they would belong to the latter under the contract between the parties. And this might have been done without doing any violence to the language of the letters.

The evidence as to the terms of the contract is very conflicting, and does not seem to preponderate greatly either way; and it may be that the unexplained letters turned the scale in favor of the defendant.

We think that it was error to repel the explanatory evidence; and because the plaintiff may have been injured thereby, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.